UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN ADAMS, an individual,

    Plaintiff,

    v.

BRAD GILLASPIE, City of Woodland Police Officer, an individual; CRAIG PRENTICE-WATTSON, City of La Center Police Officer, an individual; GROVER B. LASEKE, City of Woodland Chief of Police, an individual; TIM HOPKIN, La Center Police Department Chief of Police, an individual; CITY OF WOODLAND, a municipality, CITY OF LA CENTER, a municipality, and JOHN/JANE DOES 1-20,

    Defendant.

Case No. C04-5551FDB

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

On January 12, 2005, Defendants Tim Hopkin, City of La Center and Craig Prentice Watson moved for summary judgment (Docket # 17), and on February 3, 2005, Defendants Brad Gillaspie, Grover Laseke, and the City of Woodland, moved for summary judgment (Docket #22). By Order dated April 26, 2005 (Docket #30), the Court ruled on the motions in part, but granted a continuance insofar as the motions addressed Plaintiff Sean Adams' claims of supervisor liability, municipal liability and liability under state law. Defendants Hopkin, City of La Center, Laseke and

ORDER - 1

City of Woodland moved for summary judgment based on lack of evidence that would support these claims against them.  Plaintiff requested and was granted a continuance for the purpose of conducting discovery to provide evidence of the claims.  The motions were renoted for consideration on July 1, 2005.

The deadline for Plaintiff to submit any opposition to Defendants' motions was Monday, June 27, 2005.  Plaintiff has filed no evidence, memoranda or other opposition to Defendants' motions for summary judgment on his claims of supervisor liability, municipal liability and liability under state law.  Plaintiff's failure to respond is considered by the Court as an admission that the Defendants' motions have merit (*See* CR 7(b)(2)), and demonstrates that Plaintiff has no evidence supporting his claims against these Defendants.   As previously noted, evidence of an affirmative act in the alleged deprivation of a constitutional right is required before supervisors may be held liable under Section 1983, and evidence of a municipal policy or custom and a causal nexus between that policy or custom and a constitutional violation is required before a municipality may be held liable.   For these reasons, as well as the reasons set forth in Defendants' motions, summary judgment in favor of Defendants on these claims is proper.

ACCORDINGLY,

IT IS ORDERED:

(1)   Defendants' motions for summary judgment (Docket #17 and #22) on Plaintiff's claims of supervisor liability, municipal liability and state law claims shall be **GRANTED**.

DATED this 12th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2