UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN ADAMS, an individual,

Plaintiff,

v.

BRAD GILLASPIE, City of Woodland Police Officer, an individual; CRAIG PRENTICE-WATTSON, City of La Center Police Officer, an individual; GROVER B. LASEKE, City of Woodland Chief of Police, an individual; TIM HOPKIN, La Center Police Department Chief of Police, an individual; CITY OF WOODLAND, a municipality, CITY OF LA CENTER, a municipality, and JOHN/JANE DOES 1-20,

Defendant.

Case No. C04-5551FDB

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO STRIKE PLAINTIFF'S EXPERTS

Before the Court are Defendants' motions to strike Plaintiff Sean Adam's expert witnesses. Having considered the motion, opposition, replies, and balance of the record, the court finds that the motion should be granted in part and denied in part.

**I. Procedural Background**

By Orders dated April 26, 2005 and July 12, 2005, the court dismissed all of Plaintiff's claims on summary judgment except his federal excessive force claims against Defendants Brad Gillaspie and Craig Prentice-Wattson. The Pretrial Scheduling Order required the parties to disclose their expert witnesses and opinions by May 16, 2005. Plaintiff made no expert disclosure on that date. The deadline for Defendants' disclosure of rebuttal experts and their opinions was June 14, 2005.

ORDER - 1

Based on Plaintiff's non-disclosure of experts by May 16, 2005, Defendants did not retain and disclose rebuttal experts.

On June 16, 2005, a month after his deadline for disclosing experts, Plaintiff submitted his disclosure of expert witnesses to Defendants.  The disclosure included D. P. Van Blaricom, whom Plaintiff intends will opine as to whether or not the Defendants' use of force was reasonable.  Also included in Mr. Van Blaricom's report are opinions that there was no reasonable suspicion to detain nor probable cause to arrest Plaintiff, and that Plaintiff's injuries are consistent with excessive force.

Plaintiff also included two treating healthcare providers in his expert disclosure who were previously identified as fact witnesses.  These disclosures were not accompanied by the disclosure of expert opinions or related matters which must be disclosed under Fed.R.Civ.P. 26(2)(A).

## II. Discussion

Defendants object to Plaintiff's disclosure as untimely and prejudicial to their ability to retain and disclose rebuttal experts.  Defendants object to Plaintiff's disclosure of expert opinions by treating healthcare providers because the disclosure failed to comply with Fed. R. Civ. P. 26(a)(2). Defendants also object to the proposed testimony of Mr. Van Blaricom on the grounds that his proposed opinions are beyond the remaining issues and beyond the scope of permissible expert testimony.

Federal Rule of Civil Procedure 26(a)(2)( C) provides that a party's expert disclosures shall be made at the time and in the sequence directed by the court.  Failure to comply with the court's scheduling order may result in sanctions pursuant to Fed.R.Civ.P. 16(f); which sanctions may include a prohibition from introducing designated matters in evidence or barring the use of experts on direct examination unless there was "substantial justification" or the failure to disclose was "harmless." Fed.R.Civ.P. 37(b)(2)B) and 37( c)(1).  *See also, Zhang v. American Gen. Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003).

ORDER - 2

Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." FRE 702; *United States v. Hoac*, 990 F.2d 1099, 1103 (9th Cir. 1993), *cert. denied.* 114 S.Ct. 1075 (1994).

### A.    Substantial Justification or Harmless Failure to Disclose

Plaintiff does not claim that he had insufficient time to comply with the court's Scheduling Order. Instead, he claims that he was experiencing financial hardship and had to secure a loan from a family member in order to hire Mr. Van Blaricom.[1] However, this does not explain why Plaintiff was not able to comply with the May 16th deadline, nor why he waited over a month to disclose his expert, nor why he did not seek an extension of time of the court's deadline. There is also no authority suggesting that financial restraints are substantial justification for not complying with a court's order regarding witness disclosures.

However, the court does not find that Plaintiff's disclosure one month past the deadline unduly prejudices the Defendants. Although Defendants were unable to respond and identify rebuttal witnesses, as an alternative approach to this dilemma, the parties could have sought an extension of the deadline. The court is also not convinced by Defendants' argument that allowing the untimely expert disclosures will increase the scope and expense of the litigation due to Mr. Van Blaricom's expert fees. While the expense of expert testimony is often burdensome, it is presumed that Defendants would have identified rebuttal experts and borne that expense had the identification occurred one month earlier.

---

[1] At the time of his submissions to defense counsel, Plaintiff's counsel also explained that two weeks following the deadline, he was out of the office for a week for the birth of his daughter, and that he forwarded Mr. Van Blaricom's report immediately upon receipt.

ORDER - 3

**B.   Admissibility of Proposed Opinions by Plaintiff's Expert Van Blaricom**

Aside from the timeliness of Plaintiff's disclosure, Defendants also object to the scope of Mr. Van Blaricom's testimony. Defendants are correct that probable cause is no longer an issue in this case as this court has already found that the officers could reasonably have believed that probable cause existed. Thus, any testimony on that issue is properly excluded. In response, however, Plaintiff clarifies that Mr. Van Blaricom is expected to render opinions relating to police procedure and excessive force. Contrary to Defendants' arguments, the court finds that this is an area of specialized knowledge wherein a properly qualified expert may render opinions to assist the trier of fact. Defendants' concerns that Mr. Van Blaricom was not present at the incident and has no personal knowledge of the facts may go to the weight of the evidence, but do not preclude its admissibility.

**C.   Admissibility of Proposed Opinions by Plaintiff's Treating Physicians**

In response to Defendants' objection to Plaintiff's disclosure of Drs. Green and Sessons, Plaintiff states that "[t]o date, [he] has not retained or specially employed either witness to provide expert testimony." Plaintiff advises that these doctors are expected to testify about their examination and treatment of Plaintiff and as to their diagnosis, prognosis, and any future treatment. As these doctors will not provide expert opinions at trial, compliance with Rule 26(a)(2)(B) is not required and they shall be stricken from Plaintiff's expert disclosure.

ACCORDINGLY,

IT IS ORDERED:

(1)   Defendants' motions to strike Plaintiff's experts (Docket Nos. 38 and 41) are **GRANTED in part and DENIED in part** as set forth in this Order;

(2)   Defendants' deadline for disclosure of rebuttal witnesses shall be extended to September 26, 2005;

(3)   Any objections to Defendants' rebuttal witnesses shall be filed by October 7, 2005; and

ORDER - 4

(4)  The deadline for discovery shall be extended until October 14, 2005, for the limited purpose of expert witness discovery.

DATED this __24th__ day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5